NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0282n.06

No. 09-4099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 13, 2012

LEONARD GREEN, Clerk

MUHAMED TOURE,                               )
                                             )
          Petitioner,                        )       ON PETITION FOR REVIEW
                                             )       FROM A FINAL ORDER OF THE
v.                                           )       BOARD OF IMMIGRATION
                                             )       APPEALS
ERIC H. HOLDER, JR., Attorney General,       )
                                             )
          Respondent.                        )


Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.


PER CURIAM. Muhamed Toure, who is represented by counsel, petitions this court to review a final order issued by the Board of Immigration Appeals. Toure requested the Board to reopen his appeal of an immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Board, however, denied the request and this appeal followed.

Toure is a native and citizen of Mauritania. On an unknown date, Toure was admitted into the United States without possessing a valid entry document. On February 3, 2003, Toure sought asylum. The asylum officer referred the matter to an IJ. The government issued Toure a Notice to Appear, charging him as an immigrant not in possession of a valid entry document, subjecting him to deportation under 8 U.S.C. § 1227(a)(1)(A). Toure conceded removability.

After conducting an evidentiary hearing, the IJ denied Toure's applications for relief. The IJ concluded that Toure was not credible. The IJ also found that Toure failed to establish that he timely filed his asylum application because Toure could not corroborate the date of his arrival into the United States. The IJ determined that Toure had failed to establish past persecution in

Mauritania and had failed to demonstrate a well-founded fear of future persecution. Toure appealed the IJ's decision to the Board, and the Board dismissed Toure's appeal. Toure did not seek review of the Board's decision.

Toure subsequently filed a motion to reopen with the Board, asserting that a 2008 *coup d'état* in Mauritania supported reopening his case based on a change in the country's conditions. He also claimed that his prior counsel rendered ineffective assistance. The Board denied Toure's motion to reopen and Toure filed a timely petition for review with this court.

In his opening brief, Toure contests the IJ's adverse credibility determination. However, a panel of this court previously granted, in part, the government's motion to dismiss the appeal for lack of jurisdiction. We limited Toure's appeal to the question of whether the Board abused its discretion in denying his motion to reopen. Therefore, Toure cannot challenge the IJ's adverse credibility decision. Because Toure's opening brief fails to make any substantive argument regarding the Board's decision to deny his motion to reopen, he has waived his challenge to the Board's decision. *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1154-55 (6th Cir. 2010) (an issue not raised in an opening brief is deemed waived).

The petition for review is denied.